defect had ever manifested itself. Indeed, after the cable parted, there was nothing to indicate that the defect in it would have been discovered upon the closest inspection. It follows, therefore, that, if the accident was caused by the parting of this cable, the defendants could not, in these circumstances, be held responsible therefor.

It is said, however, that the evidence in regard to this feature of the case is all furnished by the defendants or their witnesses, and that, consequently, it was incumbent upon the trial court to submit the case to the jury, in order that they might determine what degree of credibility should be attached to this character of evidence. I cannot assent to this view of the case, for the reason, as already stated, that the defendants furnished the only rational or satisfactory explanation of the cause of the accident; and to permit a jury to say upon the exceedingly flimsy evidence furnished by the plaintiff that the accident was attributable to any other cause would be equivalent to saying that they might render a verdict based upon nothing more substantial than conjecture and speculation.

I am therefore of the opinion that the learned trial court was justified in dismissing the plaintiff's complaint, and for this reason am constrained to dissent from the prevailing opinion.

---

(23 Misc. Rep. 534.)

### GABRIEL et al. v. SICILIAN ASPHALT PAV. CO.

(Supreme Court, Special Term, New York County. May, 1898.)

1. TRADE-NAMES— GEOGRAPHICAL NAMES.
   A geographical name may be used in the sale of an article whose principal value consists of the name of the place from which its principal ingredient comes.

2. SAME—RIGHT TO EXCLUSIVE USE.
   Where one manufactured asphalt in New York, using 80 per cent. of material quarried in the duchy of Brunswick, Germany, he was entitled to sell it under the name of "Brunswick Rock Asphalt," as against one manufacturing the same article in said duchy.

Action by Max Gabriel and others against the Sicilian Asphalt Paving Company. Judgment for defendant.

George S. Hastings, for plaintiffs.

Joseph Fettretch, for defendant.

RUSSELL, J. The plaintiffs seek to restrain the defendant from the use of the name "Brunswick" in the manufacture or sale of rock asphalt. The plaintiffs' asphalt is manufactured in the form of cylindrical cakes at Eschershausen, in the duchy of Brunswick, Germany. The defendant's asphalt is manufactured at New York City from a basis of 80 per cent. rock asphalt, quarried from one of the several deposits in or near Eschershausen, and is sold by the defendant as "Brunswick Rock Asphalt." The brand of the plaintiffs is "Brunswick G. & S., Germany." Ordinarily a geographical designation is not the subject of proprietary use as a trade-mark, but may be claimed as such where specially equitable reasons exist for such claim. Montgomery v. Thompson, 64 Law T. (N. S.) 748;

Brewing Co. v. Piza, 24 Fed. 149. In the first of these cases the use of the term "Stone Ale" was enjoined, as the plaintiffs for over a century had brewed ale, sold by this designation, at Stone, England. In the second case cited the United States circuit court enjoined the use of the term "St. Louis Beer," as the plaintiff had acquired a valuable trade for its beer, sold under the name of "St. Louis Lager Beer." In both of these cases, however, the product manufactured was the combination of several common ingredients rendered valuable as a whole by the process of manufacture. In the case of Newman v. Alvord, 51 N. Y. 189, it appeared that the plaintiffs had acquired a valuable good will from the manufacture of cement, or water lime, from stone taken from quarries near Akron, in the county of Erie, in this state, which they sold in the market as "Akron Cement." The defendants manufactured their cement from stone quarries near Syracuse, and sold it as "Alvord's Onondaga Akron Cement," or water lime, manufactured at Syracuse, N. Y. An injunction was sustained against the use of the term "Akron," as it was plainly deceptive, for the plain import and value of the word "Akron" was to designate the locality of the basis of the production. It is needless to cite other cases to show that the deceptive use of a geographical term is unlawful. It may be restrained where the value of the term applies to a well-earned good will in the manufacture, and consists in identifying the thing sold as valuable from the well-known quality of the thing manufactured, and also where a false use is made of the name of the locality of the basic production.

But how can any one acquire a right to the exclusive use of the name of an entire duchy, principality, kingdom, or state, for the sale of a production four-fifths of the value of which depends upon the locality of the basis of the thing sold, and where there are numerous deposits separately used by different companies for the acquiring of the basic commodity? It is not suggested that other products manufactured wholly within the duchy of Brunswick may not be sold as Brunswick asphalt or mastic. Can it be said that an advertisement is misleading which states that the thing sold is Brunswick asphalt or mastic, when four-fifths of the composition is the commodity taken from the quarries within the duchy of Brunswick, when it is well known that the principal value of the finished product is derived from this fact, and it is also well known that a small percentage of other materials has to be used to put the asphalt into a suitable condition for laying into walks or pavements? I am of the opinion that, in all cases where the great element of value of the manufactured article consists in the locality of the principal material of which it is composed, the geographical designation of the locality from which that principal material comes may be used. Otherwise the freedom of manufacture and commerce would be seriously disturbed by the enforcement of a monopoly in the use of the term designating the place from where the material comes, and competition would not be left open for the growth of a good will dependent upon the value of the thing sold. The complaint is therefore dismissed, with costs.

Complaint dismissed, with costs.